IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM KIRKPATRICK, JR, ) | |
| ) | |
| Plaintiff(s), ) | No C 07-3819 VRW (PR) |
| ) | |
| vs. ) | ORDER OF DISMISSAL |
| ) | |
| ROBERT L AYERS, et al, ) | (Doc # 3) |
| ) | |
| Defendant(s). ) | |

  Plaintiff, a State of California prisoner incarcerated at San Quentin State Prison, has filed a pro se complaint under 42 USC § 1983 challenging the conditions of his confinement. He seeks injunctive relief and leave to proceed in forma pauperis under 28 USC § 1915. Plaintiff has not exhausted California's prison administrative process, however.

  The Prison Litigation Reform Act of 1995 amended 42 USC § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 USC § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 USC § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v Nussle, 534 US 516, 524 (2002). All

1  available remedies must now be exhausted; those remedies "need not meet
2  federal standards, nor must they be 'plain, speedy, and effective.'"  Id (citation
3  omitted).  Even when the prisoner seeks relief not available in grievance
4  proceedings, notably money damages, exhaustion is a prerequisite to suit.  Id;
5  Booth v Churner, 532 US 731, 741 (2001).  Similarly, exhaustion is a
6  prerequisite to all prisoner suits about prison life, whether they involve general
7  circumstances or particular episodes, and whether they allege excessive force or
8  some other wrong.  Porter, 534 US at 532.  PLRA's exhaustion requirement
9  requires "proper exhaustion" of available administrative remedies.  Woodford v
10 Ngo, 126 S Ct 2378, 2382 (2006).

11      The State of California provides its prisoners the right to appeal
12 administratively "any departmental decision, action, condition or policy
13 perceived by those individuals as adversely affecting their welfare."  Cal Code
14 Regs tit 15, § 3084.1(a).  It also provides them the right to file appeals alleging
15 misconduct by correctional officers/officials.  Id § 3084.1(e).  In order to exhaust
16 available administrative remedies within this system, a prisoner must proceed
17 through several levels of appeal: (1) informal resolution, (2) formal written
18 appeal on a CDC 602 inmate appeal form, (3) second level appeal to the
19 institution head or designee, and (4) third level appeal to the Director of the
20 California Department of Corrections.  Barry v Ratelle, 985 F Supp 1235, 1237
21 (SD Cal 1997) (citing Cal Code Regs tit 15, § 3084.5).  A final decision from the
22 Director's level of review satisfies the exhaustion requirement under § 1997e(a).
23 Id at 1237-38.

24      Nonexhaustion under § 1997e(a) is an affirmative defense which should
25 be brought by defendant(s) in an unenumerated motion to dismiss under Federal
26 Rule of Civil Procedure 12 (b).  Wyatt v Terhune, 315 F3d 1108, 1119 (9th Cir

28                                    2

2003).  However, a complaint may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id at 1120.  Here, plaintiff concedes he did not exhaust available administrative remedies through the Director's level of review before filing suit, but suggests that the exhaustion requirement be excused because the appeal he submitted on June 19, 2007 had not been answered as of the date he signed his complaint, July 12, 2007.  The modest delay alleged does not constitute an extraordinary circumstance which might compel that petitioner be excused from exhausting available administrative remedies.  Cf Booth, 532 US at 741 n6 (courts should not read "futility or other exceptions" into § 1997e(a)).

        Accordingly, plaintiff's request to proceed in forma pauperis (doc # 3) is DENIED and the complaint is DISMISSED without prejudice to refiling after exhausting California's prison administrative process.  See McKinney v Carey, 311 F3d 1198, 1199-1201 (9th Cir 2002) (action must be dismissed without prejudice unless prisoner exhausted available administrative remedies before he filed suit, even if prisoner fully exhausts while the suit is pending).

        The clerk shall enter judgment in accordance with this order and close the file.  No fee is due.

        SO ORDERED.

VAUGHN R WALKER  
United States District Chief Judge

3

| | |
|---|---|
| 1 | G:\PRO-SE\VRW\CR.07\Kirkpatrick, W1.or1.wpd |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |